Brassard, J.
Plaintiff, Claire Knous (“Ms. Knous”) brought this action against Wayland Group Realty Trust (“Wayland Realty”) seeking to recover for personal injury damages allegedly sustained as a result of a slip and fall which occurred on June 3, 1996, on a sidewalk located outside commercial space occupied and leased by Wayland CVS, Inc (“CVS”). On December 4, 1997, Wayland Realty impleaded CVS as a third-party defendant, seeking contribution, indemnification, and damages for breach of contract. CVS has filed a motion for summary judgment and Wayland Realty has filed a cross motion for summary judgment. For the reasons set forth below, CVS’s motion is ALLOWED and Wayland Realty’s motion is DENIED.
BACKGROUND
Ms. Knous brought this action against Wayland Realty, the owner of the shopping center located on Boston Post Road in Wayland, Massachusetts, claiming that she was injured in a fall at the shopping center on June 3, 1996. At the time of the incident, CVS operated a pharmacy and health and beauty aids store in the shopping center, where Ms. Knous was employed as a cashier.
Prior to the opening of the store at 9:00 a.m., Ms. Knous routinely performed certain tasks, one of which was bringing in the stacks of newspapers that vendors left on the curb. On June 3, 1996, Ms. Knous had just picked up the newspapers at the curb and began to walk toward the store entrance when she fell on her right side, fracturing her hip. Ms. Knous alleges that she fell after catching her foot in a crack or worn expansion joint on the sidewalk.
At the time of the incident, CVS occupied commercial space at the shopping center pursuant to a lease under which Wayland Realty was the landlord. CVS did not participate in the negotiation or drafting of the lease, which originally was entered into on January 30, 1987 between Wayland Realty, as lessor, and Thayer Pharmacies, Inc., as lessee. Under an Assignment and Assumption Agreement dated February 20, 1992, CVS acquired Thayer’s interest in the lease. Pursuant to the lease, Wayland Realty is responsible for maintaining the “roof, common areas, exterior walls, and structure of the shopping center.” Wayland .Realty also “shall operate, manage, equip, police, light, and repair the common areas and keep and maintain the same in good order, repair and condition ...” The lease defines “Shopping Center” as “The land and all improvements thereon . . . including without limitations, all adjacent sidewalks, parking lots, exit and entrance ways, etc.”
CVS is responsible for maintaining only the leased premises. According to the lease, “tenant will keep neat and clean and maintain in good order, condition and repair the Premises and every part thereof . . .” The lease defines “Premises” as “a portion of the Shopping Center as shown on Exhibit FP attached hereto, agreed to contain 5,117 square feet.” The lease includes an indemnity clause, Section 10.1, which provides that CVS shall “indemnify and save harmless Landlord from and against all claims of whatever nature arising . . . from any accident, injury or damage whatsoever to any person, or to the property of any person, in or about the Premises.” The tenant is required to indemnify Way-land Realty against any claim arising “from any accident, injury or damage occurring outside of the Premises but on the Shopping Center, where such accident, damage or injury results or is claimed to have resulted from an act or omission on the part of *48 the Tenant or the Tenant’s agents or employees or independent contractors ...” The lease also provides that the Tenant agrees to maintain a policy of general liability and property damage insurance under which the Landlord is named as an additional insured, “and under which the insurer agrees to indemnify and hold Landlord . . . harmless from and against all cost, expense and/or liability arising out of or based upon any and all claims, accidents, injuries and damages set forth in Section 10.1.”
At the time of the incident, CVS was insured against bodily injury and property damage under a Self-Insured Excess Commercial General Liability Policy No. RMGL 121-61-83 (“Policy”). The policy included an endorsement entitled “Additional Insured,” which provided coverage for all persons whom CVS had agreed to provide coverage for, to the extent of any such agreement.
DISCUSSION
Summary judgment shall be granted where there are no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. At 17.
Wayland Realty argues that pursuant to the applicable lease, CVS owed a duty to indemnify Wayland Realty in connection with the tort claims by Ms. Knous. CVS contends that the indemnification clause in the lease is void as a matter of law. Under G.L.c. 186, §15, certain indemnification clauses between landlords and tenants are against public policy. Specifically, the statute states:
Any provision of a lease or other rental agreement relating to real properly whereby a lessee or tenant enters into a covenant. . . the effect of which is to indemnify the lessor or the landlord or hold the lessor or landlord harmless, or preclude or exonerate the lessor or landlord from any or all liability to the lessee or tenant, or to any other person, for any injury, loss, damage or liabilily arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises ... or other appurtenance used in connection therewith, shall be deemed to be against public policy and void.
G.L.c. 186, §15.
The clear purpose of this statute is to make void an indemnity provision which potentially has the effect of insulating a lessor from liability for the lessor’s negligence. See O'Sullivan v. Secretary of Human Services, 402 Mass. 190, 194 (1988) (statutory language, when clear and unambiguous, must be given its ordinary meaning). To determine whether the indemnity provision of the Wayland Realty/CVS lease is void pursuant to this statute, it is necessary for this court to look at the precise language of the provision.
The indemnity provision set forth in Paragraph 10.1 of the lease provides:
To the maximum extent this agreement may be made effective according to law, Tenant agrees to indemnify and save harmless Landlord from and against all claims of whatever nature arising: (i) from any accident, injury or damage whatsoever to any person, or to the property of any person, in or about the Premises; or (ii) from any accident, injury or damage occurring outside of the Premises but on the Shopping Center, where such accident, damage or injury results or is claimed to have resulted from an act or ommision [sic] on the part of the Tenant or the Tenant’s agents or employees or independent contractors, and, in either case, occurring after the date of the Lease, until the end of the Term of the Lease, and for so long thereafter as Tenant may occupy the Premises or any part thereof.
IfWayland Realty is found liable to Ms. Knous then, by definition, it is negligent. Accordingly, Wayland Realty could not seek indemnification from CVS without running afoul of G.L.c. 186, §15. Young v. Garwacki, 380 Mass. 162, 171 (1980) (“G.L.c. 186, §15 renders invalid any lease clause which has the effect of indemnifying the landlord or exculpating him from ‘any . . . negligence ... on or about the leased . . . premises’ ”); Hudson v. Atiniz, Civil Action No. 915670E, 1 Mass. L. Rptr. 322 (Super. Ct. November 10, 1993). Alternatively, if Wayland Reality is not found liable to Ms. Knous, then there is no need for indemnification from CVS. Hudson, supra. Thus, the provision in the Wayland Realty/CVS lease is void and Wayland Realty has no right to indemnification from CVS. G.L.c. 186, §15.
ORDER
For the foregoing reasons, it is hereby ORDERED that CVS’s motion for summary judgment be ALLOWED and Wayland Realty’s motion for summary judgment be DENIED.