Lauriat, J.
The defendant/third-party plaintiff, Society for the Preservation of New England Antiquities (“SPNEA”), has moved for summary judgment against the plaintiff, Rosalie Blanchard (“Blanchard”), and against the third-party defendant, Marie M. McCarthy (“McCarthy”). McCarthy has filed a cross motion for summary judgment against the SPNEA. Upon consideration of the parties’ pleadings, memoranda, and oral arguments, SPNEA’s motion is denied and McCarthy’s motion is allowed.
BACKGROUND
SPNEA owns the Lyman Estate, also known as The Vale, located at 185 Lyman Street in Waltham, Massachusetts. SPNEA rents out the Lyman Estate for private functions. On February 21, 1998, SPNEA and McCarthy entered into a Function Rental Contract (“the Agreement”) for McCarthy’s use of the Lyman Estate for her daughter’s wedding reception on September 25, 1999. Paragraph five of the .Terms and Conditions of the Agreement provided in part that “You [McCarthy] . . . agree to indemnify and hold us [SPNEA] harmless for any liabilities, costs or damages based on or in any way arising out of your use of our premises for your function . . .”
On September 25, 1999, Blanchard and her husband attended the McCarthy wedding reception as guests. The reception began at four p.m. and ended at approximately ten p.m. Blanchard left the reception via the front entrance to the Lyman Estate, which consisted of a step down from the door to a landing area, and then further steps down to the ground. Blanchard stopped on the landing area which was six to eight feet wide, three feet deep, and approximately four feet above the level of the ground. There was one large decorative urn on each side of the landing, but there was no railing on either side. Blanchard’s husband, following behind her, apparently stumbled as he stepped out of the front door, hitting Blanchard. The force of the impact caused Blanchard to fall over one of the urns onto the ground. Blanchard suffered injuries as a result of her fall and she subsequently brought the present action against SPNEA for negligence.
SPNEA asserts that it is not liable to Blanchard because the Lyman Estate is exempt from any applicable State Building Code regulations, and because SPNEA did not breach its duly to exercise due care with respect to its maintenance of the Lyman Estate. Blanchard counters that the State Building Code does apply and that even if it does not, SPNEA may still be found liable under a common-law negligence theory.
SPNEA further contends that McCarthy is contractually obligated to indemnify SPNEA by reason of the indemnity provision in the Agreement. McCarthy asserts that the indemnity provision is void under G.L.c. 186, §15. The court will address each of these arguments in turn
DISCUSSION
“The purpose of a summary judgment motion is to decide cases where there are no issues of material fact without the needless expense and delay of a trial followed by a directed verdict.” Correllas v. Viveiros, 410 Mass. 314, 316 (1991). Summary judgment is inappropriate when there are outstanding issues of material fact. See Breuing v. Callahan, 50 Mass.App.Ct. 359, 363 (2000). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and showing that it is entitled to summary judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party satisfies this burden by submitting affirmative evidence refuting an essential element of the opposing party’s case, or by showing that the opposing party has no reasonable expectation of proving an essential element of its case at trial. O’Sullivan v. Shaw, 431 Mass. 201, 203 (2000).
I.
The court will first consider Blanchard’s negligence claim. The provisions of 780 C.M.R. §3409.1 (1998) govern structures in the Commonwealth which are legally designated as historic buildings, and are therefore exempted from certain provisions of the State Building Code (“the Code”). Historic buildings are defined as any buildings listed by the National Register of Historic Places. 780 C.M.R. §3409.1.1. The Lyman Estate is one of the buildings listed by the National Register of Historic Places. The Code further defines historic buildings as being either totally or partially preserved. 780 C.M.R. §3409.1.1. There is some question as to whether the Lyman Estate is a partially or totally preserved building. Regardless of its status, however, 780 C.M.R. §3409.1 still governs and limits the applicable Code requirements.
Section §3409.2.1 of the Code provides that totally preserved buildings shall be generally exempted from the provisions of chapter 780, provided that the building conforms to a list of requirements, none of which are applicable here. Likewise, as to entryways and porches, the Code allows partially preserved buildings an exception from certain Code provisions. 780 C.M.R. §3409.3.2. In the present case, Blanchard claims that the single step down from the entry way to the landing, and the lack of railings on the sides of the landing violated the Code and caused her injuries. However, because of the Lyman Estate’s status as a historic building, that Code provision does not apply to the Lyman Estate. See 780 C.M.R. §3409. Since Blanchard’s injuries are not a consequence of a Code violation, she cannot use that as evidence of SPNEA’s negligence. See Ford v. Boston Housing Authority, 55 Mass.App.Ct. 623, 625 (2002) (violation of Code evidence of negligence where resulting injury stemmed from the consequences that the Code was intended to prevent).
*392 Although Blanchard cannot rely on any Code violation to prove negligence, Blanchard may present a common-law theory of negligence. A landowner owes a duty of reasonable care to all lawful visitors. See Mounsey v. Ellard, 363 Mass. 693, 708 (1973). SPNEA had a duly to maintain its property “in a reasonable safe condition in view of all of the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” Mounsey, at 708, quoting Smith v. Arbaugh's Restaurant, Inc., 469 F.2d 97, 100 (D.C.Cir. 1972), cert. denied, 412 U.S. 939 (1973). Therefore, the issue of whether SPNEA exercised reasonable care in maintaining the Lyman estate in the circumstances of this case is properly one for the jury, Mounsey at 709, and SPNEA’s summary judgment motion as to Blanchard’s negligence claim must be denied.
II.
The court will next consider the indemnification clause in the Agreement. General Laws c. 186, §15 states that
Any provision of a lease or other rental agreement relating to real property whereby a lessee or tenant enters into a covenant. . . the effect of which is to indemnify the lessor or the landlord or hold the lessor or landlord harmless, or preclude or exonerate the lessor or landlord from any or all liability to the lessee or tenant, or to any other person, for any injury, loss, damage or liability arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises ... or other appurtenance used in connection therewith, shall be deemed to be against public policy and void.
The purpose of G.L.c. 186, §15 “is to make void an indemnity provision which potentially has the effect of insulating a lessor from liability for the lessor’s negligence.” Knous v. Mehrez, 10 Mass. L. Rptr. 47 at 49 (Mass.Super. 1999) (Brassard, J.). The Agreement in the present case, provides that “[you] [McCarthy] agree to indemnify and hold us harmless from any liabilities, costs or damages based on or in anyway arising out of your use of our premises ...” If SPNEA is found liable to Blanchard, then, by definition, it is negligent. Id. Under those circumstances, SPNEA cannot attempt to enforce the indemnification provision in the Agreement without violating G.L.c. 186, §15, and the indemnification provision in the Agreement is therefore void. Id. See also Hurwitz v. Summers Massachusetts Family LLC, 15 Mass. L. Rptr. 29 (Mass.Super. 2002) (Brassard, J.).
ORDER
For the foregoing reasons, Defendant/Third-Party Plaintiffs Motions for Summary Judgment is DENIED, and Third-Pariy Defendant Marie McCarthy’s Cross Motion to Third-Party Plaintiffs Motion for Summary Judgment is ALLOWED.